UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 18-cr-000342 (DLF) |
| : | |
| : | |
| ROBERTO ROSARIO FARRUGGIO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

On December 28, 2018, this Court found Defendant guilty of Damaging and Destroying Property Belonging to or Occupied by a Foreign Government, in violation of 18 U.S. Code, Section 970(a). Sentencing is scheduled for February 11, 2019, at 10:00 a.m. As set forth below, the government is asking this Court to sentence Defendant to a term of imprisonment of time served, plus a three-year period of supervised release.

**BACKGROUND**

**I.    Procedural History**

On November 5, 2018, Defendant was charged by criminal complaint with a violation of 18 U.S.C. § 970(a) (Damaging and Destroying Property Belonging to or Occupied by a Foreign Government). Magistrate Judge G. Michael Harvey ordered Defendant released pursuant to certain conditions that same day. A grand jury returned an indictment charging Defendant with this same crime on November 16, 2018. On November 30, 2018, the government moved this Court to revoke Defendant's conditions of release, based on his having violated the conditions of his release, and to order that Defendant undergo a competency screening followed by a hearing pursuant to 18 U.S.C. § 4241(a)-(b). This Court granted the motion to revoke Defendant's

1

conditions of release on December 6, 2018, and ordered that Defendant be evaluated the Department of Behavioral Health (DBH). Defendant was found to be competent and has been detained since on or about December 21, 2018. On December 28, 2018, Defendant pled guilty to this offense pursuant to a plea agreement.

## II. Factual Summary

On or about Sunday, November 4, 2018, at approximately 9:00 p.m., Defendant jumped the fence surrounding the Embassy of Italy, located at 3000 Whitehaven Street, N.W., Washington, D.C., and began striking the Embassy's main glass-door entrance with one or more large rocks. Defendant smashed the Embassy's glass doors with rock(s), shattering the glass and creating multiple large holes in the doors.

In an attempt to flee the scene, Defendant summoned a car using the Uber "pool" feature. Shortly after Defendant entered the Uber vehicle, a U.S. Secret Service officer ordered the vehicle to stop. The vehicle stopped, and the driver and another passenger (unrelated to Defendant) exited the vehicle as directed by the Secret Service. Defendant remained in the vehicle, refusing to exit. From the backseat, Defendant made crude gestures with his middle fingers. Then, Defendant hid his hands below the frame of the car window, so law enforcement could not see whether Defendant had a firearm or other weapon. Defendant refused to comply with multiple commands to exit the vehicle. Eventually, law enforcement forced Defendant out of the vehicle and placed him under arrest. Defendant was unarmed.

After his arrest, Defendant was released on his personal recognizance. On November 26, 2018, at approximately 3:37 a.m., in the 5800 block of 14th Street, N.W., Washington, DC, Defendant broke the rear window of a parked Honda Pilot SUV. Defendant then removed a baby

stroller from that vehicle. Defendant used the stroller to crack the windshield of a parked Chevrolet Equinox. Neither vehicle belonged to Defendant.

Subsequently, the Embassy of Italy provided the government with an invoice from a company based in Lorton, VA, showing the cost to repair the damage to the glass-door entrance. According to the invoice, the total cost to repair the damage caused to the Embassy is **$37,007.22**.

The owner of the damaged Honda Pilot and Chevrolet Equinox provided estimates showing the expected cost to repair both vehicles. The total cost to the victim to repair the damage to both vehicles is estimated at **$3,084.28**.

The Embassy of Italy belongs to and is utilized and occupied by a foreign government by foreign officials and official guests. A sign at the exterior of the Embassy clearly identifies the premises as being the Embassy of Italy.

As noted, after the Defendant was charged in this case and placed on pretrial release, he engaged in additional criminal conduct. Only three weeks into his pretrial release in this case, Defendant returned to Washington, D.C., and vandalized two vehicles. Presentence Investigation Report (PSI) at ¶ 10. Moreover, Defendant failed to comply with other terms of pretrial release, including not residing with his father as required and not calling Pretrial Services the week of November 12, 2018. *Id*. at ¶¶ 6-7.

## ARGUMENT

### I. Statutory Penalties

Pursuant to 18 U.S.C. § 970(a), Defendant faces a maximum sentence of five years of imprisonment. He also faces a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory

restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II. Guidelines Calculations

"As a matter of administration and to secure nationwide consistency, the Sentencing Guidelines should be the starting point and the initial benchmark" for determining the defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). While, to be sure, "[i]n accord with 18 U.S.C. § 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence," *Kimbrough v. United States*, 552 U.S. 85, 90 (2007), it remains the case that "the Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise,'" *id*. at 108-09 (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). The Supreme Court "accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.'" *Kimbrough*, 552 U.S. at 109 (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The Probation Office has determined that Defendant's guideline offense level is 10. PSI at ¶ 26. His base offense level is 6 pursuant to U.S.S.G. § 2B1.1. *Id*. at 18. Because the loss attributable to the offense was more than $15,000 but less than $40,000, Defendant's base offense level is increased by four levels pursuant to U.S.S.G. § 2B1.1(b)(1)(C). *Id*. at 19. The resulting offense level is 12. *Id*. at 23. Defendant has accepted responsibility for the offense of conviction, so the offense level is reduced pursuant to U.S.S.G. § 3E1.1(a), resulting in a final offense level of

10. *Id*. at 26. The government is unaware of any objection by the defense to the offense level calculation of 10.

The Probation Office has calculated Defendant's criminal history score as Category I. Accordingly, assuming that Defendant's offense level remains at 10, Defendant's guideline imprisonment range is 0-6 months. The government is seeking a sentence of time served in light of the plea agreement in this case. As discussed in more detail below, the government is seeking a period of supervised release of three years. Pursuant to U.S.S.G. § 5D1.2(a)(2), because Defendant was found guilty of committing a Class D felony, the guideline range for a period of supervised release following imprisonment is one to three years. PSI at ¶¶ 85-86.

### III.   Sentencing Factors

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute which include the need for the sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training.

In addition, the statute requires the court to consider a number of factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

The defendant has a criminal history score of zero, and therefore a criminal history

category of I. The defendant is eligible for up to three years of supervised release. *See* PSI ¶¶ 81 & 85-86.

The government recommends that the Court sentence Defendant to time served, but impose a significant period of probation and/or supervised release, in order to enforce the conditions listed above and to dissuade Defendant from any further property crimes or vandalism. In particular, the government is seeking a supervised release term of three years.

Defendant caused more than $37,000 worth of damage to the Embassy of Italy and—while on pretrial release in this case—caused an additional nearly $3,500 worth of damage to the Honda Pilot and Chevrolet Equinox. Although Defendant claims to have a grievance with the Embassy, there is no suggestion that he had any prior contact with the owner of the two vehicles, who was an innocent victim to his violent actions. The government hopes that Defendant has learned his illness cannot go untreated but believes that a lengthy term of Court-ordered supervision would ensure that is the case.

Moreover, the government is seeking conditions that will provide the government and the Court with assurances that Defendant will not, yet again, violate the law and court orders. In particular, the government is requesting the following conditions, all of which Defendant has agreed not to oppose in the plea agreement:

   a. To participate in and receive mental health treatment; comply with any terms of treatment established by the Court or medical and/or mental health professionals, including but not limited to any medication regimen established by medical and/or mental health professionals; and agree to and sign the attached waiver; the U.S. Secret Service will treat any medical information it receives regarding the Defendant with due regard for the sensitive and personal nature of such medical information, including by limiting the use and dissemination of such information consistent with, and no greater than, the needs of this case;

    b. Subsequent to release, to submit to one interview with Special Agents or other personnel that the U.S. Secret Service deems necessary to assist in its threat assessment regarding the degree of risk he may pose to persons and facilities under the protection of the U.S. Secret Service and will cooperate fully in any inquiries that the agency carries out pursuant to its responsibilities under 18 U.S.C. § 3056 and any other applicable laws;

    c. To not enter or go within a three-block radius of the Italian Embassy, located at 3000 Whitehaven Street, N.W., Washington, DC 20008, for the duration of his term of supervised release or probation; and

    d. To not engage in any illegal activity.

*See* Plea Agreement (ECF No. 15) at 4-5; PSI at ¶ 83. The government also is seeking an order of restitution. *See* Plea Agreement at 8; PSI at ¶¶ 101-102. Defendant was prevented from continuing his crime spree by his incarceration. The government hopes that his experience, and future mental health treatment, will assist Defendant in his decision-making and cause him to avoid impulsive law breaking in the future.

                              Respectfully Submitted

                              Jessie K. Liu
                              United States Attorney

BY:         /s/_____
            Jolie F. Zimmerman
            D.C. Bar No. 465110
            Assistant United States Attorney
            United States Attorney's Office
            555 Fourth St., NW. 4th Floor
            Washington, D.C. 20001
            202-252-7220
            Jolie.Zimmerman@usdoj.gov

Certificate of Service

      I HEREBY CERTIFY that a copy of the foregoing Memorandum in Aid of Sentencing was delivered via the Court's electronic filing system to Jay P. Mykytiuk, counsel for Defendant, this 8th day of February, 2019.

                                                /s/
                                    Jolie F. Zimmerman
                                    Assistant United States Attorney